UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| SHAMSIDDEEN HATCHER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:17-CV-202-HSM-CCS |
| | ) | | |
| TENNESSEE DEPARTMENT OF CORRECTIONS, | ) ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. The Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis*, separated the complaints filed as one document into three separate actions, and held that this action would proceed only as to the second complaint therein, specifically pages 4 and 5 of the complaint filed by Plaintiff [Doc. 1]. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

**I.      SCREENING STANDARD**

District courts shall, at any time, *sua sponte* dismiss any claims filed *in forma pauperis* that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a review under this rule, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint seeks monetary and declaratory relief based upon allegations that then-warden, Doug Cook, became annoyed at Plaintiff and other inmates for filing grievance complaints and ordered prisoners be locked in their cell for five days, from February 12, 2016 to February 16, 2016 [Doc. 1 p. 1]. For more than 72 hours, Defendants denied Plaintiff access to a shower and a telephone [*Id*. at 2]. On February 14, 2016, Plaintiff's toilet "became stopped up" causing Plaintiff to breathe in harmful gases from urine and feces which resulted in an infection in his nose [*Id*.]. Plaintiff's toilet was stopped-up for a total of 23.5 hours [*Id*.]. Plaintiff claims that during the lock-down, he was forced to eat three meals inside his cell [*Id*.].

Plaintiff argues that the complained of behavior violates his Eighth Amendment Right to be free from cruel and unusual punishment [*Id*.].

## III. LEGAL ANALYSIS

Plaintiff alleges that he was locked inside his cell from February 12, 2016 to February 16, 2016, and during that time denied the use of a shower and a telephone, forced to breathe harmful

gas from a stopped-up toilet, and forced to eat three meals inside his cell. Plaintiff's complaint, however, was not filed until April 14, 2017. Thus, Plaintiff's claims are time-barred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (holding that, in Tennessee, a one-year statute of limitations is applicable to § 1983 actions); *see also* Tenn. Code Ann. § 28-3-104(a)(3).

Even if Plaintiff had timely claims arising out of the alleged incidents underlying his complaint, however, Plaintiff's allegations fail to state a claim upon which relief may be granted. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson v. Seiter*, 501 U.S. 294 (1991); *see Hudson v. McMillian*, 503 U.S. 1 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Inmates "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). There is nothing in the complaint which suggests that 72 hours without a shower, five days without telephone usage, or a stopped-up toilet for 23.5 hours constitutes the type of deprivation which triggers Eighth Amendment protections.

Additionally, the type of physical injury Plaintiff has alleged is *de minimis* and does not rise to the magnitude of an Eighth Amendment claim or entitle him to damages under § 1997. *See Dolberry v. Levine*, 567 F.Supp. 2d 413, 418 (W.D.N.Y. 2008) (finding a skin rash due to the lack of showers "is a *de minimis* injury that does not give rise to a claim") (listing cases); *Moore v. Simmons*, No. 5:06-CT-3143 H, 2007 WL 4262702, at *3 (E.D.N.C. May 18, 2007) (finding

claims of "stagnant-pooled toilet feces, clogged drains . . . throwing feces daily, [and] awful smells," causing "sore throat and high grade fever" did not state an Eighth Amendment claim).

The Court further notes that Plaintiff has only sued Defendant Tennessee Department of Correction, and the Eleventh Amendment provides the State of Tennessee with immunity from § 1983 claims. *Rodgers v. Mich. Dep't of Corrections*, 29 Fed. App'x 259, 260 (6th Cir. 2002). This immunity extends to state governmental agencies, as they are "arms" of the state. *Dubuc v. Mich. Bd. Of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003).

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 and this action will be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

             */s/ Harry S. Mattice, Jr.*
             HARRY S. MATTICE, JR.
             UNITED STATES DISTRICT JUDGE